# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 3, 2005

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

126966(47)

JUSTIN CARPENTER,
       Plaintiff-Appellant,

v

DONNA LEE SIMONIAN, COREY
MICHAEL DESROSIERS, JOHN ALBERT
SIMONIAN, and KEVIN JAMES LINDKE,
       Defendants,

and

SPEEDY Q MARKETS, INC.,
       Defendant-Appellee.

SC: 126966
COA: 247258
St. Clair CC: 01-002601-NI

_____/

On order of the Court, the motion for reconsideration of this Court's order of April 26, 2005 is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

MARKMAN, J., concurs and states as follows:

Notwithstanding plaintiff's invocation of the "rigorously literal" interpretative philosophy of this Court in support of his effort to obtain relief, I reject this characterization and reaffirm my own position that it is not the duty of the judge to construe the language of the law "literally" or "flexibly," "broadly" or "narrowly," "liberally" or "conservatively," but merely "reasonably." In pursuit of a "reasonable" interpretation, I agree with the Court of Appeals that MCL 436.1801(2) does not permit dramshop liability to be imposed upon a business that sells alcohol to a minor who subsequently furnishes that alcohol to another minor, who then injures someone. To impose such liability is to give insufficient meaning, in my judgment, to the Legislature's use of "directly" in this provision.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 3, 2005

_____
Clerk

d1031